IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MILWAUKEE INNER-CITY CONGREGATIONS
ALLIED FOR HOPE (MICAH), and
BLACK HEALTH COALITION OF WISCONSIN,

    Plaintiffs,

  v.                      Case No. 12-C-556

MARK GOTTLIEB, WISCONSIN
DEPARTMENT OF TRANSPORTATION,
VICTOR MENDEZ, GEORGE POIRIER,
FEDERAL HIGHWAY ADMINISTRATION,
RAY LAHOOD, and U.S. DEPARTMENT OF
TRANSPORTATION,

    Defendants.

**DEFENDANTS MARK GOTTLIEB AND WISCONSIN DEPARTMENT
OF TRANSPORTATION'S BRIEF IN SUPPORT OF THEIR MOTION
TO DISMISS COUNT 5 OF COMPLAINT**

**INTRODUCTION**

This is a lawsuit about environmental policy and government procedures. Specifically, this lawsuit concerns the anticipated Zoo Interchange construction project on Interstate 94 west of Milwaukee. Plaintiffs, who can best be described as interested citizen groups, have sued several Federal Defendants for violations of the National Environmental Policy Act, or "NEPA" (Counts 1-4). Additionally, Plaintiffs have asserted a single cause of action under a state law (the Wisconsin Environmental Policy Act or "WEPA") against Mark Gottlieb, in his official capacity as Wisconsin Secretary of Transportation, and the Wisconsin Department of Transportation (the "State Defendants").

The State Defendants, however, are immune from suit. The State of Wisconsin has not waived its sovereign immunity with regard to WEPA claims (in fact, the statute provides no cause of action) and Congress has certainly not abrogated the State's immunity in this regard. Therefore, because the State Defendants retain immunity as recognized by the Eleventh Amendment and United States Supreme Court, and may not be sued under WEPA in this Court, Count 5 of the Complaint should be dismissed.

## BACKGROUND

The Complaint alleges that the $1.7 billion re-design and construction of the Zoo Interchange will, among other things, exacerbate racial segregation and adversely affect air and water quality (¶ 1). The first four causes of action are brought under NEPA and only apply to the Federal Defendants. (*See* ¶¶ 73, 77, 82, 88.) In those counts, Plaintiffs allege that the Federal Defendants inadequately analyzed the effects of the proposed interchange (Count 1), failed to consider appropriate alternatives (Count 2), did not comply with the Civil Rights Act (Count 3), and did not supplement the Environmental Impact Statement as was required (Count 4). All of these inadequacies, Plaintiffs allege, amount to violations of NEPA.

Count 5 of the Complaint alleges that the State Defendants violated WEPA. WEPA is the state version of NEPA, and requires Wisconsin state agencies to follow certain procedures for "major actions significantly affecting the quality of the human environment." Wis. Stat. § 1.11(2)(c). Without going

into detail and simply incorporating previous allegations against the Federal Defendants, Plaintiffs claim that the State Defendants violated WEPA (¶ 96).

Plaintiffs request declaratory and injunctive relief, as well as attorney fees. (Compl. pgs. 24-25.)

**ARGUMENT**

**I. STANDARD OF REVIEW: ELEVENTH AMENDMENT IMMUNITY IMPLICATES THIS COURT'S SUBJECT MATTER JURISDICTION UNDER RULE 12(B)(1).**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Federal judicial power derives solely from Article III of the Constitution, and Article III, Section 2 delineates the absolute limit on federal courts' jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 695, 697 (1992).

Federal jurisdiction under Article III is further limited by the Eleventh Amendment. In interpreting the Eleventh Amendment, the Supreme Court has held that Article III jurisdiction does not supersede "the sovereign immunity that the States possessed before entering the Union." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669 (1999). The Eleventh Amendment guarantees that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

Because the Eleventh Amendment "limits the grant of judicial authority in Art. III," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97–98 (1984), lawsuits running afoul of the Eleventh Amendment are literally outside the Court's jurisdiction; therefore, dismissal is appropriate under Fed. R. Civ. P. 12(b)(1). *See, e.g., Romco, Ltd. v. Outdoor Aluminum, Inc.*, 725 F. Supp. 1033 (W.D. Wis. 1989) (Crabb, J.) (dismissing lawsuit against a state defendant under Fed. R. Civ. P. 12(b)(1) based on the Eleventh Amendment); *see also Marie O. v. Edgar*, 131 F.3d 610, 614 (7th Cir.1997) (affirming dismissal of claim against State of Illinois under Rule 12(b)(1) as barred by the Eleventh Amendment).

Under Rule 12(b)(1), Plaintiffs bear the burden of proving the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In reviewing the Complaint, Court will accept all material allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

## II. THE STATE DEFENDANTS ARE IMMUNE FROM SUIT IN THIS CASE.

Plaintiffs have sued the Wisconsin Secretary of Transportation in his official capacity, along with the Wisconsin Department of Transportation. Both State Defendants are covered by Eleventh Amendment immunity. *Indiana Protection and Advocacy Services v. Indiana Family and Social Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) (The Eleventh Amendment "bars actions in

federal court against a state, state agencies, or state officials acting in their official capacities.")

The sole cause of action asserted against the State Defendants is under WEPA. (Compl. at pg. 24.) For Plaintiffs to invoke this Court's subject matter jurisdiction against the State Defendants under WEPA, Plaintiffs must identify an exception to Eleventh Amendment immunity. There are only three: waiver, abrogation, and *Ex parte Young*. *See Council 31 v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012). None of these exceptions apply.

First, the Wisconsin Legislature never waived its sovereign immunity under WEPA. "A State may effectuate a waiver of its constitutional immunity by a state statute or constitutional provision, or by otherwise waiving immunity to suit in the context of a particular federal program." *Nelson v. Illinois*, 36 F.3d 684, 690 (7th Cir. 1994) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). The state must make a "clear declaration" that is "unequivocally expressed" to waive its Eleventh Amendment sovereign immunity and consent to the federal court's jurisdiction. *College Sav. Bank*, 527 U.S. at 676 (citing *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47, 54 (1944) and *Pennhurst State Sch.*, 465 U.S. at 99). There is no such waiver under WEPA, and no other indication in the Wisconsin Statutes suggesting that the Wisconsin Legislature intended to waive its sovereign immunity under WEPA and consent to the federal court's jurisdiction.

Second, the concept of abrogation does not apply in this case. Abrogation arises when Congress takes some sort of affirmative step to reduce

a State's immunity pursuant to a specific Constitutional grant of authority (typically Section 5 of the Fourteenth Amendment). Before Congress abrogates immunity, it must make its intention to abrogate "unmistakably clear in the language of the statute." *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989). No such intention is present in NEPA or any other federal law.

Third, and finally, the doctrine announced in *Ex parte Young* does not apply. This doctrine "allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law." *Council 31*, 680 F.3d at 882. In the Complaint, Plaintiffs do not seek prospective relief, and they do not allege the State Defendants are engaged in an "ongoing" violation of federal law. Therefore, the doctrine clearly does not apply.

On the face of the Complaint, Plaintiffs' only attempt to invoke this Court's subject matter jurisdiction is in Paragraph 3, which alleges "supplemental jurisdiction of the state claims under 28 U.S.C. § 1367." But supplemental jurisdiction can never be used to avoid Eleventh Amendment immunity. *Pennhurst State Sch.*, 465 U.S. at 121 ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

## CONCLUSION

Plaintiffs have failed to invoke this Court's subject matter jurisdiction over Count 5. This is a state law claim against State Defendants, where there has been no waiver or abrogation of the State's sovereign immunity. As such, Count 5 is barred by the Eleventh Amendment and should be dismissed.

Dated this 30th day of August, 2012.

                                J.B. VAN HOLLEN
                                Attorney General

                                s/Daniel P. Lennington
                                DANIEL P. LENNINGTON
                                Assistant Attorney General
                                State Bar No. 1088694
                                Email: lenningtondp@doj.state.wi.us

                                s/Abigail C. S. Potts
                                ABIGAIL C. S. POTTS
                                Assistant Attorney General
                                State Bar No. 1060762
                                Email: pottsac@doj.state.wi.us

                                Attorneys for Defendants,
                                Mark Gottlieb and
                                Wisconsin Department of Transportation

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-8901 (Lennington)
(608) 267-7292 (Potts)
(608) 267-8906 (Fax)