**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NAACP – MILWAUKEE BRANCH,**
et al.,
      Plaintiffs,

    v.                          Case No. 17-C-0297

**DAVE ROSS, in his official**
**capacity as Secretary of Wisconsin**
**Department of Transportation, et al.,**
      Defendants.

---

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

**MILWAUKEE INNER-CITY**
**CONGREGATIONS ALLIED FOR**
**HOPE (MICAH), et al.,**
      Plaintiffs,

    v.                          Case No. 12-C-0556

**DAVE ROSS,[1] in his official**
**capacity as Secretary of Wisconsin**
**Department of Transportation, et al.,**
      Defendants.

---

## DECISION AND ORDER

Several years ago, I sat by designation on the Western District of Wisconsin and was assigned several civil cases from that district. One such case was *Milwaukee Inner-City Congregations Allied for Hope (MICAH) et al. v. Mark Gottlieb*, which was

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Dave Ross was automatically substituted as a party for Mark Gottlieb when Ross replaced Gottlieb as the Secretary of the Wisconsin Department of Transportation.

Western District of Wisconsin Case Number 12-C-0556. In that case, the plaintiffs alleged that the federal government's decision to allocate funding for a large highway construction project involving the "Zoo Interchange" near Milwaukee, Wisconsin, violated the National Environmental Policy Act ("NEPA").

On May 10, 2013, I issued a written opinion relating to the plaintiffs' motion for a preliminary injunction. In that opinion, I addressed certain aspects of the merits of the case, but I did not technically resolve any issue on the merits. Rather, I found that the plaintiffs were likely to succeed on some issues, and unlikely to succeed on others. I did not grant the plaintiffs any relief but found that an evidentiary hearing was needed to determine whether a preliminary injunction should issue. However, before a hearing was held, the parties expressed interest in mediation. Several mediation sessions were held, and eventually the parties resolved the case through a settlement agreement.

On May 29, 2014, the parties filed their settlement agreement with the court. *See* ECF No. 115. One of the terms of the settlement agreement contemplated that the case would be "administratively close[d]" 30 days after the agreement was executed. *See* Settlement Agreement ¶ 18. In accordance with that provision, the case was administratively closed on July 7, 2014. However, because many of the parties' obligations under the settlement agreement will last until the Zoo Interchange project is complete—which at the time the settlement agreement was executed was expected to be in 2018—the case was not formally dismissed with prejudice. Instead, the settlement agreement provides that the plaintiffs must file a notice of voluntary dismissal of the case with prejudice within 10 days of being informed by the defendants that the Zoo Interchange project is complete. *Id.* ¶ 19. As of the date of this opinion, the Zoo

Interchange project is not complete and the case has not been dismissed with prejudice.

On March 1, 2017, three plaintiffs, including one party who was also a plaintiff in the Zoo Interchange case, filed an action in the Eastern District of Wisconsin alleging that the federal government's decision to allocate funding for a different large highway construction project near Milwaukee violated NEPA. This project involves an expansion of a part of Interstate 94 that is just east of the Zoo Interchange project. The Clerk of Court randomly assigned this new case to Judge J.P. Stadtmueller of this district. The plaintiffs then filed a motion in both the Eastern District and Western District cases in which they request that the Eastern District case be assigned to me under the Eastern District's local rule regarding related cases, Civil Local Rule 3(b). I address that motion in this order.

Civil Local Rule 3(b) provides that "pending related civil action[s]" shall be assigned to the same judge. The parties dispute whether the new case is "related" to the Zoo Interchange case and also whether the Zoo Interchange case is "pending." However, a more fundamental problem prevents the cases from being considered pending related civil actions, which is that they are from different judicial districts. Civil Local Rule 3(b) is a local rule of the Eastern District of Wisconsin, and thus the term "civil action" in that rule means a civil action that is filed or pending in the Eastern District of Wisconsin. The Zoo Interchange case is not a civil action that was filed or is pending in the Eastern District of Wisconsin. It is and always was a Western District

case, which I presided over by designation. For this reason alone, the new case cannot be directly assigned to me as a related case under Civil Local Rule 3(b).[2]

Moreover, the cases would not be pending related civil actions even if they were both Eastern District cases. In determining whether cases are related, the paramount consideration is whether assigning them to the same district judge will further the efficient administration of justice. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 396 (E.D. Wis. 2008). If the Zoo Interchange case and the new case shared common questions of law or fact that a judge would have to resolve simultaneously or nearly simultaneously, then it would likely further the efficient administration of justice to assign them both to the same judge. However, the merits of the Zoo Interchange case were resolved long ago by a settlement agreement. The chance of a judge having to revisit the merits of the Zoo Interchange case is near zero.[3] Although the Zoo Interchange case has not been dismissed with prejudice, the only issues that could arise in that case would relate to enforcing the settlement agreement (which would be issues of contract interpretation and enforcement) or the handling of administrative matters (such as motions to substitute counsel). These matters would not involve questions of law or fact

---

[2] The plaintiffs also cite an administrative order of the Western District of Wisconsin that is similar to the Eastern District's local rule on related cases. *See* Admin. Order 322 (W.D. Wis. Oct. 19, 2015). But like the Eastern District rule, the Western District order does not apply to cases that are or were pending in different judicial districts.

[3] The Zoo Interchange settlement agreement provides that it will become null and void upon the happening of a "Force Majeure event," which it defines as events such as "natural disasters, acts of war, as well as all unavoidable legal impediments or prohibitions" other than a reduction or lapse in funding for the Zoo Interchange project. ¶ 17. Unless one of these unlikely events occurred, the merits of the case could not be reopened.

4

that are likely to arise in the new case. Rather, the issues in the new case will involve the merits of plaintiffs' claims under NEPA.

Although the plaintiffs' claims in the new case may be similar to the claims I considered in the Zoo Interchange case in 2013, that would not be a reason to treat the new case as related to the Zoo Interchange case. Cases raising very similar factual and legal issues should be assigned to the same judge, but that should happen only when the issues will be adjudicated simultaneously or nearly simultaneously, as it is the simultaneous and uniform administration of the cases that furthers judicial economy. In the present case, because I considered the merits of the Zoo Interchange case more than four years ago, no efficiencies would be gained by assigning the new case to me. Although my having handled the Zoo Interchange case might give me some familiarity with the legal terrain at issue in the new case, the purpose of assigning related civil cases to the same judge is "to foster judicial economy while not fostering judicial specialization." *Bd. of Sch. Dirs. of City of Milwaukee v. State of Wis.*, 102 F.R.D. 596, 598 (E.D. Wis. 1984).

Finally, I note that the plaintiffs contend that the new case alleges that the defendants have "failed to comply with key aspects" of my opinion in the Zoo Interchange case. Reply Br. at 1. However, I did not in the Zoo Interchange case enter an injunction or any other order that the defendants were required to "comply" with. I did not even finally resolve any issues related to the merits. I only noted that the plaintiffs were likely to succeed on certain issues and set the matter for a preliminary-injunction hearing. Because the parties settled the case, that hearing never occurred. Moreover, district court opinions do not have binding precedential effect. *Wirtz v. City of*

5

*South Bend*, 669 F.3d 860, 863 (7th Cir. 2012). To the extent my decision contains persuasive reasoning that applies to the new case, the plaintiffs may cite it to Judge Stadtmueller and he may choose to follow it. But my having decided, years ago, issues that may be relevant to the new case is not a reason to assign the new case to me as a pending related civil action.

For these reasons, **IT IS ORDERED** that the plaintiffs' motion to reassign Eastern District of Wisconsin case 17-C-297 is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2017.

s/ Lynn Adelman
LYNN ADELMAN
United States District Judge